# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: JUNE 19, 2008
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2007-SC-000202-WC

FINAL

DATE 7-10-08 Ella Grautt, D.C.

LARRY DUNN                                                    APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                          2006-CA-001845-WC
                            2006-CA-001886-WC
        WORKERS' COMPENSATION BOARD NO. 01-69346

GARY SLATER, D/B/A CAROL DALE CONTRACTING;
HON. HOWARD E. FRASIER, JR.,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                          APPELLEES

AND

2007-SC-000238-WC

GARY SLATER, D/B/A CAROL DALE CONTRACTING          APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                          2006-CA-001845-WC
                            2006-CA-001886-WC
        WORKERS' COMPENSATION BOARD NO. 01-69346

LARRY DUNN;
HON. HOWARD E. FRASIER, JR.,
ADMINISTRATIVE LAW JUDGE AND
WORKERS' COMPENSATION BOARD                          APPELLEES

**MEMORANDUM OPINION OF THE COURT**

An Administrative Law Judge (ALJ) determined at the reopening of a settled award that the claimant did not retain the physical capacity to return to work as a heavy equipment operator after his injury and that his permanent impairment rating had increased since the settlement. The ALJ awarded a triple income benefit under KRS 342.730(1)(b) and (1)(c)1 that was based on the present impairment rating. The award accounted for the benefit compromised in the settlement by crediting the employer with a triple benefit that was based on the impairment rating at settlement. The Workers' Compensation Board and the Court of Appeals affirmed.

The claimant argues on appeal that the ALJ erred by crediting the employer for an amount greater than the benefits that it paid under the settlement. The employer argues in a cross-appeal that the ALJ erred by finding an increased permanent impairment rating because no medical expert assigned a rating for both points in time.

We affirm. KRS 342.125(7) prohibits any statement contained in a settlement from being viewed as an admission against interest at reopening. Special Fund v. Francis, 708 S.W.2d 641 (Ky. 1986), explains that a finding may not be disturbed on appeal if it is supported by substantial evidence, i.e., if it is reasonable under the evidence. The Court of Appeals did not err because the ALJ construed KRS 342.125 correctly and because substantial evidence supported the findings at issue.

The claimant crushed the middle three fingers of his left hand on November 7, 2001, while working for the defendant-employer as a heavy equipment operator. Dr. Wolff treated the injury and performed surgery. He released the claimant to return to

2

work on April 1, 2002, and released him from treatment in December 2002. At that time, he assigned a 4.5% permanent impairment rating but failed to address the claimant's physical capacity to return to work as a heavy equipment operator. The claimant found work in a cabinet-making business and did not return to coal mining.

The employer paid temporary total disability (TTD) benefits voluntarily until April 2, 2002. Without obtaining legal representation or filing an application for benefits, the claimant agreed to settle the permanent disability claim for a lump sum that was based on a 4.5% permanent impairment rating and calculated under KRS 342.730(1)(b) for a period of 425 weeks. Dr. Wolff's December 16, 2002, report was the only medical record attached to the Form 111 Agreement as to Compensation. An ALJ approved the agreement on January 28, 2003

The claimant continued to experience pain and extreme sensitivity in the affected fingers due to a thinning of the tissue in the fingertips. He also experienced chronic skin breakdowns, particularly in the middle finger. Nonetheless, he declined a suggested surgery because it would necessitate a difficult rehabilitation and offer limited benefit. He filed a motion to reopen on May 13, 2005, alleging a worsening of condition and increased disability. He supported the motion with a report and affidavit from Dr. Johnson, who evaluated him at his attorney's request.

The employer objected. It argued that Dr. Johnson's report failed to state what permanent impairment rating he would have assigned at settlement and, therefore, failed to show that the rating had increased since the settlement.

Dr. Johnson's report summarized the medical records in detail, noting that Dr. Wolff had assigned a 4.5% permanent impairment rating in December 2002. Dr.

3

Johnson also performed an exhaustive physical examination of the left hand and fingers. He noted that the AMA Guides to the Evaluation of Permanent Impairment permitted the claimant's permanent impairment rating to be assigned using two different methods and that they instruct the evaluator to report the higher rating. Dr. Johnson assigned a 16% permanent impairment rating based on tissue loss, loss of range of motion, and skin characteristics or, in the alternative, a 13% rating based on a total amputation of the affected digits. He recommended restrictions specific to the deficits in the hand and stated that the claimant did not retain the physical capacity to return to the type of work performed at the time of injury. Dr. Johnson's affidavit stated that the claimant's medical condition had deteriorated since the settlement and that his pain and restrictions had also increased, which resulted in a greater occupational disability.

An ALJ determined that the claimant made a sufficient prima facie case for reopening under KRS 342.125 and Stambaugh v. Cedar Creek Mining Co., 488 S.W.2d 681 (Ky. 1972), and assigned the claim for further adjudication. The employer then submitted a letter from Dr. Wolff, who evaluated the claimant in July 2005. A functional capacity evaluation performed at that time yielded a 7% permanent impairment rating based on loss of range of motion. The figure did not include a rating for tissue loss or skin characteristics. Dr. Wolff recommended the use of gloves for cold protection and digit gel caps to decrease sensitivity in the fingertips but added no impairment rating for those deficits. In his opinion, the claimant could continue to work as a cabinetmaker with no restrictions.

The claimant testified at the hearing that his difficulty gripping objects had increased since the settlement and that the strength in his hand had decreased. The

pain in his fingers had begun to extend into his hand and forearm, resulting in a constant dull ache that increased if he used his fingers extensively when it was cold. He stated that he continued to work as a cabinetmaker but earned less than at the time of the injury.

The ALJ determined that the claimant proved a change of disability with objective medical evidence of increased impairment. Noting that any statement in the settlement was not binding at reopening, the ALJ determined from the evidence that the claimant's permanent impairment rating was 4.5% at settlement, based on Dr. Wolff's December 2002 report, and that it was 16% at reopening, based on Dr. Johnson's report. The ALJ also determined that the claimant lacked the physical capacity to return to work as a scoop operator after the injury. The claimant's award consisted of a triple income benefit under KRS 342.730(1)(b) and (1)(c)1, payable from the date of the motion to reopen for the balance of the compensable period. As modified on reconsideration, it accounted for the benefits compromised in the settlement by permitting the employer to credit a triple benefit for a 4.5% permanent impairment rating under KRS 342.730(1)(b) and (1)(c)1.

The claimant complains that ALJ permitted the employer to credit more benefits than it actually paid under the settlement and argues that the employer did not assert that it was entitled to a greater credit until its petition for reconsideration. He argues that KRS 342.125(4) prohibits a reopening from affecting a previous order or award regarding sums already paid and requires any change to be ordered from the date the motion to reopen is filed. He concludes that the ALJ erred by crediting more than the weekly benefit the settlement provided under KRS 342.730(1)(b). We disagree.

5

The claimant did not litigate his initial claim; he agreed to settle it. A settled award is the product of a compromise; therefore, the disability or permanent impairment rating that it states may or may not be accurate. Whittaker v. Rowland, 998 S.W.2d 479 (Ky. 1999), Beale v. Faultless Hardware, 837 S.W.2d 893 (Ky. 1992), and Newberg v. Davis, 841 S.W.2d 164 (Ky. 1992), explain that the parties to a settlement are entitled to the benefit of their bargain and that KRS 342.125(7) prohibits any statement contained in a settlement agreement from being considered as an admission against interest if the claim is reopened. As a consequence, the ALJ must compare the worker's actual disability at settlement and reopening. If it has increased, the worker receives additional benefits for the difference. The claimant's award contained a credit that was patently erroneous under the findings of fact; therefore, the ALJ did not err in correcting it on reconsideration.

The lump sum that the claimant received in the settlement compromised any existing right to weekly benefits for a period of 425 weeks. Only part of that period had elapsed when he filed the motion to reopen. As he points out, KRS 342.125(4) prohibits an award entered at reopening from affecting previously-paid sums and requires it to be prospective, from the date of the motion.

The award that the claimant received at reopening did not violate KRS 342,125(4) because the ALJ left his initial award in place and entered a prospective award that provided increased income benefits for the balance of the 425-week period. As corrected on reconsideration, the prospective award credited the employer to the extent that the ordered benefits duplicated those previously compromised in the settlement. The ALJ based the credit on proper findings of fact concerning the

6

claimant's permanent impairment rating and physical capacity as they actually existed at the time of the settlement.

The employer asserts erroneously that the claimant failed to "establish a post-award increase in permanent impairment rating necessary to support an increase in benefits under KRS 342.125." Dingo Coal Co. v. Tolliver, 129 S.W.3d 367 (Ky. 2004), explains that KRS 342.125(1)(d) is procedural. It addresses the prima facie showing necessary to prevail on the initial phase of a reopening but does not address the substantive proof requirements to obtain additional benefits under KRS 342.730(1). Colwell v. Dresser Instrument Division, 217 S.W.3d 213 (Ky. 2006), explained subsequently that KRS 342.125(1)(d) requires only greater "impairment;" whereas, KRS 342.730(1)(b) requires a greater "permanent impairment rating." The decision also explained that evidence of a greater permanent impairment rating constitutes objective medical evidence of a worsening of impairment. The applicable standard for reviewing the prima facie showing is whether the decision to reopen and order additional proof was an abuse of discretion. Sexton v. Sexton, 125 S.W.3d 258, 272 (Ky. 2004), describes such a decision as being "arbitrary, unreasonable, unfair, or unsupported by sound legal principles."

The employer relies on Hodges v. Sager Corp., 182 S.W.3d 497 (Ky. 2005), in which the worker filed her motion to reopen on the day before the statute of limitations expired. She submitted no medical evidence and accompanied her motion to reopen with a motion to hold the matter in abeyance until she obtained a medical report. Noting that KRS 342.125(1)(d) requires a worker to support a motion to reopen with "objective medical evidence" that permits impairment to be compared at the two

7

relevant points in time, the court determined that to permit a worker to obtain such evidence after the motion was filed and after the statute of limitations had run was an abuse of discretion that prejudiced the employer. Nowhere does Hodges state that a comparison must be shown with evidence from a single medical expert who assigns a permanent impairment rating for each point in time.

The decision to order additional proof in the present case was not an abuse of discretion. Dr. Johnson noted the permanent impairment rating that Dr. Wolff assigned in December 2002 and assigned a permanent impairment rating at reopening. It provided an ample prima facie showing of a worsening of "impairment" since the settlement for the purposes of KRS 342.125(1)(d).

KRS 342.285 designates the ALJ as the finder of fact with the sole authority to weigh the evidence. KRS 342.730(1)(b) requires evidence of a greater permanent impairment rating to support a greater income benefit at reopening. The parties do not dispute that the claimant's permanent impairment rating at settlement was 4.5%. Although Dr. Wolff testified that it was 7% at reopening, the employer has pointed to nothing that compelled the ALJ to rely on Dr. Wolff. Dr. Johnson's testimony that the claimant's permanent impairment rating at reopening was 16% provided substantial evidence to support the increased award. The claimant's testimony and the medical evidence adequately supported findings that he did not retain the physical capacity to return to his previous work either at settlement or at reopening.

To summarize, we conclude that the ALJ did not err in awarding an income benefit based on a 16% permanent impairment rating for the balance of the 425-week period and tripling it under KRS 342.730(1)(c)1 because substantial evidence supported

8

the award. Nor did the ALJ err in crediting the employer at reopening for an amount equal to the benefit for a 4.5% permanent impairment rating under KRS 342.730(1)(b) as tripled under KRS 342.730(1)(c)1. The settlement extinguished the employer's liability for disability that existed at that time, and substantial evidence indicated that the credit equaled the benefit for that disability.

The decision of the Court of Appeals is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT,
LARRY DUNN:

MCKINNLEY MORGAN
MORGAN, MADDEN, BRASHEAR & COLLINS
921 SOUTH MAIN STREET
LONDON, KY 40741

COUNSEL FOR APPELLEE,
GARY SLATER, D/B/A CAROL DALE CONTRACTING :

W. BARRY LEWIS
LEWIS AND LEWIS LAW OFFICES
151 EAST MAIN STREET
SUITE 100
P.O. BOX 800
HAZARD, KY 41702-0800